## GRIFFITH v. KERNAGHAN.
### No. 8761.

Court of Civil Appeals of Texas. Austin.
Nov. 9, 1938.

Emmett Shelton of Austin, for appellant.

Jesse J. Bartlett and Joe H. Munster, Jr., both of Austin, for appellee.

McCLENDON, Chief Justice.

The sole question we are called upon to decide is whether the record presents a "conflict in findings that destroys the verdict"; that is, "that irreconcilable difference of finding with respect to an indispensable fact in issue in the case where both findings cannot be true, but one or the other must of necessity be false." Speer on Special Issues, § 431. If so, the error inherent in the judgment is fundamental. 3 Tex.Jur. p. 827, note 10.

Kernaghan, a painter, sued Griffith, his employer, in damages for personal injuries the result of a fall from an allegedly defective ladder furnished by Griffith. The latter employed three or more employees, did not take out compensation insurance, and therefore the common law defenses of contributory negligence, negligence of a fellow servant, and assumed risk were not available to him. R.C.S. Art. 8306, Sec. 1. It was, however, indispensable to Kernaghan's right of recovery that he show and that the jury find actionable negligence imputable to Griffith; that is, negligence so related to the injury as to constitute a proximate cause thereof. 45 Tex.Jur. pp. 402–403, § 33.

The court gave the following definitions, preliminary to the special issues submitted:

"By the term 'proximate cause', as used in this charge, is meant a cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which such event would not have occurred; and to be a proximate cause of an event the cause must be such as that a reasonably prudent person, in the exercise of ordinary care, should have reasonably foreseen and anticipated that such event would follow such cause as a natural and probable conse-

quence. There may be more than one proximate cause of an event.

"You are instructed that by the word 'natural', as used in the foregoing instruction, is meant normal, or in accordance with ordinary experience; and by the word 'continuous' is meant without break, cessation or interruption; and by the word 'sequence' is meant succession and that which follows as a result.

"By the term 'new and independent cause', as that term is used in the above definition of proximate cause, is meant an independent agency which breaks the sequence between an original act and an injury, and which of itself is sufficient to produce the injury or some like injury, and which agency and its consequences a person of ordinary prudence, in the exercise of ordinary care, under the same or similar circumstances, would not have reasonably foreseen. The independent agency mentioned must not be set in motion by the party who initiated the original act.

"By the term 'efficient intervening cause', as that term is used in this charge, is meant the act or omission of a separate and independent agency, which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury."

[4–6] Seven special issues were submitted resulting in the following jury findings (the 1st and 7th are omitted as unimportant here):

2. Griffith failed to furnish Kernaghan with an extension leg ladder or swing stage.

3. Such failure was negligence.

4. And was the proximate cause of plaintiff's injury.

5. "The acts of plaintiff * * * in the manner of his use of the ladder was negligence."

6. Such negligence "was the efficient intervening cause of the injuries sustained by plaintiff."

The question at bar narrows down to whether there is irreconcilable conflict between the fourth and sixth findings; namely, (4) that Griffith's negligence was a proximate cause of Kernaghan's injuries; and (6) that Kernaghan's negligence was "the efficient intervening cause" of such injuries, as that term is defined in the charge.

Appellee contends that the sixth finding may be disregarded as surplusage, since it constitutes merely a finding of contributory negligence (a defense not available to appellant), and consequently presents no irreconcilable conflict with the fourth finding. In this we do not agree. Contributory negligence was neither defined nor submitted to the jury. In the definition of proximate cause the court charged (and correctly so) that to be such it must be "unbroken by any new and independent cause." "Efficient intervening cause" was defined as one "which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury."

While it is elementary that there may be more than one proximate cause of a single injury, it is likewise elementary that to be a proximate cause the negligence must be such as "in a natural and continuous sequence, unbroken by any new and independent cause, produces" the injury. Therefore if the causal connection between Griffith's negligence and Kernaghan's injuries was broken by the latter's negligence, the former's negligence could not be a proximate cause of the injuries. Necessarily the sixth finding asserted that such causal connection was broken by Kernaghan's negligence, since it was an express finding that Kernaghan's negligence was the "efficient intervening cause" of the injuries, defined in the charge as one "which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of." The fourth and sixth findings cannot, therefore, both be true; and the verdict will not support a judgment for either party. We are of course dealing with legal—not philosophical, metaphysical, or even physical—causation; that is, that relation between an act (or omission) and some consequence which the law recognizes as appropriately imposing upon the actor legal liability for the consequence. See A. L. I. Restatement of Torts, Vol. II, Chap. 16.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.